UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN ARMON DUCKSWORTH,

    Petitioner,

v.                                        Case No. 21-cv-614-pp

LIZZIE TEGELS,

    Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

---

    On May 17, 2021, the petitioner, who currently is incarcerated at Jackson Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his conviction for attempted second-degree sexual assault, burglary, intimidating a victim, strangulation and suffocation, false imprisonment, battery, and disorderly conduct. Dkt No. 1. The court received the $5.00 filing fee on July 6, 2021.

    This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

    The petition refers to <u>State v. Ducksworth</u>, Outagamie County Case No. 15CF000822 (available at https://wcca.wicourts.gov). Dkt. No. 1 at 2. The

1

court has reviewed the publicly available docket for that case. It reflects that on October 12, 2015, the State of Wisconsin filed a criminal complaint against the petitioner. Id. On June 14, 2016, a jury found the petitioner guilty of attempted second-degree sexual assault, burglary, intimidating a victim, strangulation and suffocation, false imprisonment, battery, and disorderly conduct. Id. The docket indicates that on August 26, 2016, the state court sentenced the petitioner to fifteen years of initial confinement followed by seven years and six months of extended supervision.[1] Id. The state court entered judgment on August 29, 2016. Id. The petitioner filed his notice of intent to pursue post-conviction relief on September 13, 2016. Id. The docket shows that the petitioner filed his notice of appeal on August 14, 2017. Id. On July 21, 2020, the Wisconsin Court of Appeals affirmed the conviction. Id.; Dkt. No. 1-1 at 1. On November 20, 2020,[2] the Wisconsin Supreme Court denied the petition for review. Id.

**II.     Rule 4 Screening**

    A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

---

[1] The Court of Appeals decision that the petitioner attached to the petition says that the court originally sentenced the petitioner to ten years of extended supervision but that the sentencing court "adjusted the sentence upon receipt of a letter from the Department of Corrections pointing out that the term of extended supervision exceeded the requirements of Wis. Stat. §939.31(1m)(b)." Dkt. No. 1-1 at 2.

[2] The petition indicates that the Supreme Court denied the petition for review on November 18, 2020—two days earlier than the date reflected on the public docket. Dkt. No. 1 at 3.

2

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a person incarcerated under a state court sentence must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the petitioner must exhaust the remedies available in the state courts before the district court may consider the merits of [his/her] federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must

3

return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition lists four grounds for relief. First, the petitioner asserts ineffective assistance of counsel. The petitioner first says that his trial counsel provided ineffective assistance of counsel by (1) failing to call several witnesses; (2) failing to challenge the jury pool, which included "people who heard a similar case one week prior;" (3) failing to challenge excessive bail; (4) failing to object to the prosecutor's inflammatory remarks made to the jury during the prosecutor's opening and closing statements; (5) failing to prepare a defense; (6) failing to file any pre-trial motions; (7) failing to challenge the sufficiency of the evidence; and (8) failing to investigate. Dkt. No. 1 at 6-7.

The petitioner's second ground for relief asserts prosecutorial misconduct. Id. The petitioner asserts that the prosecutor made inflammatory remarks during opening statements and instructed the jury during closing arguments that what a witness said was true and that "[the jury] must find [the petitioner] guilty." Id. at 7. The petitioner argues that the prosecutor failed to turn over exculpatory evidence until one day before the trial. Id. The petitioner

4

claims that the prosecutor set his bail at more than $250,000, knowing the amount was excessive. Id. at 8. Finally, the petitioner claims that the prosecutor excessively charged him with five felonies and two misdemeanor charges. Id. Third, the petitioner claims that the $250,000 bail was excessive. Id. Fourth, the petitioner claims that his ineffective trial counsel, the prosecutor's misconduct "and all of the factors combined" deprived him of due process. Id. at 9.

Grounds one, two and four assert claims generally cognizable on federal *habeas* review. See Adeyanju v. Wiersma, 12 F.4th 669, 673 (7th Cir. 2021) (considering ineffective assistance of trial counsel claim on *habeas* review); Richardson v. Briley, 401 F.3d 794, 800 (7th Cir. 2005) (recognizing a prosecutorial misconduct claim within a general due process violation claim).

The court will not allow the petitioner to proceed on his third ground. The third ground states, "Excessive Bail $250,000."[3] Dkt. No. 1 at 8. While a petitioner can bring an excessive bail claim in a *habeas* action, "the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." United State *ex rel.* Fitzgerald v. Jordan, 747 F.2d 1120, 1133 (7th Cir. 1984) (internal quotation and citations omitted). The Seventh

---

[3] In the description of this claim, the petitioner says that neither his trial counsel nor "any counsel out of the three [he] was represented by" challenged the amount of bail as excessive. Dkt. No. 1 at 8. Arguably this is an ineffective assistance of counsel claim; if so, it is duplicative of the ground one claim, where the petitioner alleges ineffective assistance of counsel because, among other things, his trial lawyer didn't challenge the bail as excessive.

5

Circuit has held that once a petitioner has been convicted, however, "the claims concerning his pre-trial confinement bec[o]me moot." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). To the extent that the petitioner intended to assert a stand-alone claim of excessive bail claim (as opposed to a claim of ineffective assistance of counsel for failure to challenge the bail as excessive), that claim is moot because the petitioner has been convicted.

The petition appears to have been timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. §2244(d)(2). The petitioner's 2016 conviction appears to have become "final" for purposes of federal *habeas* review approximately ninety days after the Wisconsin Supreme

6

Court denied his petition for review on November 20, 2020. See United States Supreme Court Rule 13. He filed his federal *habeas* petition six months later, on May 17, 2021.

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the court to consider whether the petitioner has properly exhausted all his grounds for federal habeas relief. And failure to exhaust is an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on grounds one, two and four in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if [he/she (not capitalized)] chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files [his/her] opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs must not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice must inform the court within twenty-one days of the date of the NEF whether it will accept service on

8

behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 10th day of November, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**