UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN ARMON DUCKSWORTH,

        Petitioner,

                                Case No. 21-cv-614-pp

  v.

WARDEN LIZZIE TEGELS,

        Respondent.

---

**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S
MOTION TO DISMISS (DKT. NO. 12) AND SETTING BRIEFING SCHEDULE**

---

On May 17, 2021, the petitioner, who currently is incarcerated at
Oshkosh Correctional Institution and is representing himself, filed a petition
for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his conviction
for attempted second-degree sexual assault, burglary, intimidating a victim,
strangulation and suffocation, false imprisonment, battery and disorderly
conduct. Dkt No. 1. The respondent has filed a motion to dismiss the petition,
arguing that the petitioner's claims are procedurally barred. Dkt. No. 12. This
order grants the motion to dismiss all but one of the petitioner's claims and
sets a schedule for the parties to brief that claim.

**I.**    **Background**

    A.    <u>Underlying State Case</u>

        1.    *Criminal Trial*

On October 12, 2015, the State of Wisconsin filed a criminal complaint
against the petitioner stemming from an incident on October 10, 2015, in

which the state argued that the petitioner forced his way into a female's home and attempted to sexually assault her before a police officer intervened. State v. Ducksworth, Outagamie County Case No. 15CF000822 (available at https://wcca.wicourts.gov); Dkt. No. 14-1 at 5-9. On June 14, 2016, a jury found the petitioner guilty of attempted second-degree sexual assault, burglary, intimidating a victim, strangulation and suffocation, false imprisonment, battery and disorderly conduct. Dkt. No. 12-4 at 21. The state court sentenced the petitioner to fifteen years of imprisonment followed by seven years and six months of extended supervision. Dkt. No. 12-4 at 21-24.[1]

2. *No-Merit Report*

On August 21, 2017, the petitioner's postconviction counsel filed a no-merit report. Dkt. No. 12-1. Counsel listed the following issues:

1. Did the circuit court err in denying the defense motion to dismiss the complaint?

2. Did Mr. Ducksworth properly waive his right to remain silent when he testified at trial?

3. Was the evidence at trial sufficient to support a finding of guilt beyond a reasonable doubt?

4. Were the jury instructions, jury selection, opening statements and closing arguments proper?

5. Did the trial court erroneously exercise its discretion at sentencing?

---

[1] The sentencing court originally sentenced the petitioner to ten years of extended supervision but later "adjusted the sentence upon receipt of a letter from the Department of Corrections pointing out that the term of extended supervision exceeded the requirements of Wis. Stat. §939.31(1m)(b)." Dkt. No. 1-1 at 2.

2

Id. at 1-2.

In her twelve-page no-merit report, counsel concluded that the circuit court had not erred in denying the motion to dismiss the complaint, that the petitioner had properly waived his right to remain silent before testifying at trial, that the evidence was sufficient to support the verdict, that the jury instructions, jury selection, opening statements and closing arguments were proper and that the trial court had not erroneously exercised its discretion at sentencing. Id. at 2-12.

On June 20, 2018, the petitioner filed a response to the no-merit report, objecting to counsel's findings. Dkt. No. 12-2. The petitioner listed the same five issues his defense counsel had listed. Id. at 2. He first argued that the trial court had erred in denying his motion to dismiss the charge for attempted sexual assault because the complaint failed to allege the necessary facts to support the charge. Id. at 6-8. He detailed the facts from the complaint and argued that they were not sufficient to satisfy the statutory elements. Id. Within this argument, the petitioner also argued that his lawyer failed to object to trial testimony that conflicted with the statements in the complaint, failed to challenge a lack of evidence produced at the preliminary hearing and "conceded to all the other charges" without the petitioner's consent. Id. at 7. The petitioner further argued that there was not enough evidence presented at the preliminary hearing to establish probable cause and that his lawyer failed to call witnesses (without identifying those witnesses or explaining what they would have said). Id. at 8.

3

Second, the petitioner asserted that "[u]nder the guidance of Attorney Rodman Streicher,[2] he said that by me testifying it would be good if the Jury would hear my side of the story." Id. at 8. The petitioner asserted that Streicher said "this was the only defense we could use." Id. The petitioner stated that Streicher's failure to pursue an alibi defense constituted ineffective assistance of counsel. Id. It appears that this was the petitioner's response to the no-merit report's conclusion that his waiver of his right to remain silent was valid.

Third, the petitioner discussed the evidence as to each of the charges against him in support of his argument that the trial evidence was not sufficient to support a guilty verdict on any of the charges. Id. at 8-12.

Fourth, the petitioner asserted that the jury instructions, jury selection, opening statements and closing arguments were improper. Id. at 12. He argued that: (1) the trial judge "failed to instruct the jury on the 484 cautionary instruction," id. at 12; (2) jury selection was improper because most, if not all, of the jurors had served on a jury panel a week prior in a similar case (he asserted that during *voir dire*, the judge had "welcomed the entire jury pool back from the previous trial a week prior," that the state had affirmed that most of the panel had been on the jury the prior week and that the petitioner had had to exhaust his peremptory strikes to remove the "veteran" jurors), id.

---

[2] The state docket indicates that the petitioner had three lawyers: Robert Welygan (from October 13, 2015 to March 15, 2016); Rodman Wells Streicher (from March 18, 2016 to August 7, 2017) and Angela Chodak (from August 7, 2017 onward). Ducksworth, Case No. 2015CF000822. Attorney Streicher represented the petitioner for the jury trial. Id. Attorney Chodak filed the no-merit report.

at 13; (3) that at pages 38-41 of the trial transcript, the judge interacted with the jury and "subtly persuade's [sic] the jury to quickly convict," which the petitioner opined was judicial misconduct, id. at 14; (4) the state's opening statements, during which the prosecutor said that the petitioner was "prowling around the hallway looking for somebody to sexually assault," so infected the jury as to constitute a due process violation, id.; (5) the state's closing arguments "interfered with the role of the jury by assessing [the victim's] credibility" (the petitioner asserted that the prosecutor had said that the petitioner's story made no sense and was a conspiracy theory, while saying that "What Anna said makes the most sense" and that what she said was credible), id.; (6) that the petitioner's trial counsel was ineffective "for not objecting to the credibility of victim," id. at 15; and (7) the trial court erred by admitting testimony about the victim's credibility, id.

Finally, in a section titled "Statement Regarding Other Issues Considered," the petitioner argued:

> Review of the discovery shows that trial counsel was ineffective for failing to object to the State[']s opening and closing arguments, failing to call witnesses on my behalf, failing to object to the jury panel, and for failing to properly investigate. Also during the preliminary hearing attorney Robert Welygan failed to object to State not showing victim was unavailable under rules of evidence Wis. Stat. 904.04(1)[,] State v. Sorenson, 152 Wis. 2d 471.

Id. at 16. The petitioner closed his objection to the no-merit report by stating, "I challenge all counts do not have sufficient evidence to prove guilt beyond a reasonable doubt. State v. Bolstad, 2014 Wisc. App. LEXIS 576." Id. at 17.

5

### 3. *The Court of Appeals Decision*

On July 21, 2020, the Wisconsin Court of Appeals accepted the no-merit report and affirmed the petitioner's conviction. Dkt. No. 12-3. The court of appeals determined that the complaint—which alleged that the petitioner had been forcibly restraining the victim with one hand on her mouth when he began to touch her tank top before the police entered—was sufficient to establish probable cause that the petitioner had committed attempted second-degree sexual assault by use of force. Id. at 3-4. As to the petitioner's sufficiency of the evidence argument, the court found that the jury's verdict showed it had rejected the petitioner's testimony in favor of the victim's, as it was free to do, and that there was no arguable merit to the petitioner's challenge to the sufficiency of the evidence. Id. at 4. The court also concluded that contrary to the petitioner's contention, the trial court had given the jury the appropriate instruction under Wis. JI- Criminal 484. Id. at 5. The appellate court noted that although the trial court had failed to print a copy of that instruction for the attorneys, it eventually had supplied the printed copy. Id.

The appellate court reviewed the petitioner's claim regarding the jury panel. The court explained that although half of the jury pool had served on a jury the previous week, all the veteran jurors had indicated that they could be fair despite their recent service, and the trial court was not required to remove veteran jurors as a matter of law. Id. at 5. The court found that the trial record did not provide any evidence by which the petitioner could show that the veteran jurors were biased based on their prior jury service. Id. at 6. The court

6

also rejected the petitioner's contention that the trial court had suggested the case would result in a quick conviction. Id. Although the trial court had suggested it was likely the petitioner's case would proceed faster than the case on which some of the jury pool members had served the previous week, the court of appeals determined that the trial court had not informed the jurors that they could expect a quick conviction. Id.

Next, the appellate court rejected the petitioner's claims that the prosecutor made improper comments during the opening statements and closing arguments. The court explained that the prosecutor's statements "were proper comments on the evidence and his view of the competing credibility of witnesses." Id. at 7. The court also noted that the trial court had instructed the jury that closing arguments were not evidence and that the jury should draw its own conclusions from the evidence, "[a] standard instruction [that] placed the prosecutor's argument in proper perspective." Id. at 7-8 (citing State v. Draize, 88 Wis. 2d 445, 456 (Wis. 1979)).

Addressing the petitioner's argument that the trial court erred by admitting testimony about the victim's credibility, the appellate court explained that while a witness may not testify that another physically and mentally competent witness is telling the truth, there was no violation of that rule in the petitioner's case because the officer's testimony that the victim was consistent in her statements did not have the purpose of attesting to the victim's truthfulness. Id. at 8. The court reasoned that the officer's testimony "was merely evidence of a factor a jury could use to assess the victim's credibility—

7

Case 2:21-cv-00614-PP   Filed 10/06/23   Page 7 of 22   Document 17

consistency" and that "[i]t was still left to the jury to address the credibility of the witness" Id. at 9.

The court of appeals also dismissed the petitioner's various claims for ineffective assistance of trial counsel. The court explained that the petitioner could not raise a claim for ineffective assistance of trial counsel based on his counsel's failure to object to the prosecutor's comments in opening statements and closing arguments because there was nothing improper about the comments. Id. at 9. The court concluded that there was nothing in the record to support the suggestion that trial counsel had failed to investigate or call available witnesses. Id.

Finally, the court explained that it did not need to address the petitioner's claims concerning the preliminary hearing because the error-free trial would have cured any alleged defects from the hearing. Id. at 9-10 (citing State v. Webb, 160 Wis. 2d 622, 628 (Wis. 1991); State v. Noll, 160 Wis. 2d 642, 645 (Wis. 1991)).

### 4.    *Petition for Review*

The petitioner filed a petition for review of the court of appeals' decision in the Wisconsin Supreme Court. Dkt. No. 12-4. In that petition, the petitioner included a "Statement of Criteria," a "Statement of the Case," a "Statement of the Issues," a "Statement of the Facts" and "Argument to Support Petition." Id. The "Statement of Criteria" contained four enumerated sections:

> 1.  Under the United States Constitution Amendment 6, and 14 Trial Counsel, and appellate counsel's absence of effective assistance violates defendants rights under this specific criteria.

8

2. Under the United States Constitution Amendment 5, Count 2, and Count 6 of the criminal complaint violates my right to be put twice in Jeopardy.

3. Under the United States Constitution Amendment Bail-punishment, defendant[ bail was in the amount of $250,000, which violates my right under this specific criteria.

4. Under the Wisconsin State Constitution Article I Section 8 violates due process for the defendant.

Id. at 4.

In his "Statement of the Issues," the petitioner listed the following:

A. Ineffective assistance of trial counsel for preparation and handling of pretrial, trial, and sentencing phases.
    1.    Failed to call witnesses
    2.    Failed to Jury selection
    3.    Failed to object
        3(a)    Prosecutors opening statements and closing arguments
        3(B)    Prosecutorial misconduct
    4.    Failed to challenge Count 2 and Count 6 of the criminal complaint; double jeopardy
    5.    Failed to file pretrial motions
    6.    Failed to challenge excessive bail
B. Ineffective assistance of appellate counsel
    1.    Failed to provide effective assistance
    2.    Failed to file meritorious claims
C. Denial of due process, for all the above reasons.

Id. at 7.

In his "Statement of the Facts" the petitioner reiterated his argument that his trial counsel was ineffective by not calling witnesses on his behalf and by failing to challenge the jury selection process, forcing the defendant to use all his peremptory strikes to remove some of the veteran jurors. Id. The petitioner also argued that his counsel had failed to object to the prosecutor's opening statement and closing argument. Id. The petitioner stated that he was

9

"twice put in Jeopardy." Id. He reiterated his argument that his trial counsel never "motioned the court" for a bond reduction or challenged the excessiveness of bond and that his trial counsel failed to file a motion to suppress evidence arising from an interview in which the petitioner spoke to detectives without his attorney being present. Id. at 8.

On November 20, 2020,[3] the Wisconsin Supreme Court denied the petition for review. Ducksworth, Case No. 15CF000822.

B.    Federal *habeas* petition

On May 17, 2021, the petitioner filed this federal petition for writ of *habeas corpus* under 28 U.S.C §2254. Dkt. No. 1. The petition listed four grounds for relief. The petitioner titled his first ground "Ineffective assistance of counsel," then explained:

> Trial counsel failed to call Debra Zierler, Richard Zierler, my Dr. from Winnebago County Health Services, Kari Sickinger the bartender. Counsel failed to challenge jury pool and jury selection of people who heard a similar case one week prior. Trial counsel failed to challenge excessive bail of $250,000 cash. Counsel failed to object to prosecutor's opening statement and closing argument, which both were inflammatory to the jury, and prejudice to the defense. Trial counsel failed in preparing a defense. Trial counsel failed to file any pre-trial motions. Trial counsel failed to challenge the sufficiency of evidence. Trial counsel failed to investigate witnesses, and investigate.

Id. at 6-7.

The petitioner titled his second ground "Prosecutorial Misconduct," and explained:

---

[3] The petition indicates that the Supreme Court denied the petition for review on November 18, 2020—two days earlier than the date reflected on the public docket. Dkt. No. 1 at 3.

Opening statements from the prosecutor were inflammatory, speculative, and assumtive [sic]. During closing arguments the prosecutor stated "What anna said is true" and "you must find [the petitioner] guilty". During cross examination the prosecutor asked [the petitioner] "when did you come up with this story?" Also, the prosecutor did not turn [over] the video at the bar until one day before trial. Exculpatory evidence for the defense. Bail was set in excess of 250,000 by the prosecutor knowing it was excessive. Prosecutor charged the defendant excessively with 5 felonies and 2 misdemeanor charges.

Id. at 7-8.

The petitioner titled his third ground "Excessive Bail $250,000," and

explained:

Trial counsel did not challenge the excessive bail, nor did any counsel out of the three I was represented by challenge the excessive bail of $250,000 cash.

Id. at 8.

Finally, the petitioner titled his fourth ground "Due Process by right of

the constitution," and explained:

Trial counsel was ineffective, the prosecutor's misconduct, and all of the factors combined deprived [the petitioner] due process of law according to the U.S. constitution.

Id. at 9.

The court screened the petition and allowed the petitioner to proceed on

Grounds One, Two and Four, dismissing Ground Three as moot based on the

petitioner's conviction. Dkt. No. 7.

The respondent filed the instant motion to dismiss, arguing that the

petitioner's claims should be dismissed as procedurally defaulted because the

petitioner did not fairly present them to the state courts for one full round of

full review. Dkt. No. 12 at 5.

11

## II.  Analysis

### A.  Procedural default

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a person incarcerated under a state judgment must exhaust available state-court remedies before a district court will consider the merits of a constitutional claim in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement gives the state an opportunity to pass upon and correct alleged violations of the federal rights of persons who are incarcerated by the state. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). To comply with this requirement, the incarcerated person must "fairly present" the claim in each appropriate state court. Bolton, 730 F.3d at 694-95. "The failure to present fairly each habeas claim in state court 'leads to a default of the claim[s] and bar[s] the federal court from reviewing the claim[s'] merits.'" Weddington, 721 F.3d at 456 (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010)). The courts call this circumstance "procedural default."

#### 1.  *Ineffective assistance of trial counsel claims (Ground One)*

The respondent argues that the petitioner procedurally defaulted his ineffective assistance of counsel claims "because he did not provide the

Case 2:21-cv-00614-PP   Filed 10/06/23   Page 12 of 22   Document 17

Wisconsin Supreme Court with the operative facts on which his claims were based, nor did he make any argument explaining why counsel's strategic choices were unreasonable or how they prejudiced him." Dkt. No. 12 at 8. The court agrees as to some of the petitioner's ineffective assistance claims, but disagrees as to others.

The court evaluates four factors to determine whether a claim has been fairly presented to a state court:

> 1) Whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Hicks v. Hepp, 871 F.3d 513, 531 (7th Cir. 2017) (quoting Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001)). These factors serve as a guide; the court's "overall 'task is to determine in practical terms whether the state courts were sufficiently alerted to the nature of [the petitioner's] federal constitutional claim.'" Id. (quoting White v. Gaetz, 588 F.3d 1135, 1139 (7th Cir. 2009)).

The petition for review satisfies the third factor; the petitioner stated that he was bringing ineffective assistance of counsel claims under the Sixth and Fourteenth Amendments. Dkt. No. 12-4 at 4. As to the forth factor, in his statement of the issues, the petitioner enumerated the specific conduct supporting his claims: that his trial counsel (1) failed to call witnesses, (2) failed to challenge jury selection, (3) failed to object to (a) the prosecutor's

opening and closing statements and (b) prosecutorial misconduct, (4) failed to challenge Counts Two and Six of the criminal complaint, (5) failed to file pretrial motions and (6) failed to challenge excessive bail. Id. at 6. The petitioner reiterated these arguments in his statement of facts. Id. at 7-8. These are "well within the mainstream" of constitutional litigation.

In Hicks, the Seventh Circuit held that a petitioner had not fairly presented his claim to the Wisconsin Supreme Court when he stated in his petition for review that his counsel's decision not to object to the prosecutor's closing argument was not strategic without explaining why that was true or citing to any cases to support that assertion. Hicks, 871 F.3d at 531-32. In contrast, here the petitioner *did* provide support for his arguments. He cited to federal and state cases to support his claims and referenced excerpts from his trial transcript. Where the petitioner in Hicks stated only that his counsel was ineffective for not objecting to the prosecutor's closing statement without explaining why such conduct would be ineffective, here the petitioner explained in his petition for review that his counsel was ineffective for failing to object to the prosecutor's opening and closing statements by providing specific statements he believes his counsel should have objected to and specific cases that purportedly support his contention. The petitioner also argued that his trial counsel was ineffective in failing to file a motion to suppress evidence, namely the detectives' interview of the petitioner without an attorney. Id. The court finds that the petitioner's petition for review fairly alerted the Wisconsin Supreme Court that he was raising ineffective assistance of counsel claims

14

based on his counsel's failure to object to the prosecutor's specific statements during opening and closing and by failing to file a motion to suppress.

The same is not true for the remainder of the petitioner's ineffective assistance of counsel allegations. The petitioner did not explain to the Wisconsin Supreme Court why his counsel should have called certain witnesses or how he was prejudiced by his counsel's alleged failure to do so. The petitioner did not explain to the Wisconsin Supreme Court how he was prejudiced by his counsel's failure to challenge jury selection. The petitioner indicated that his counsel had exhausted all of his preemptory strikes to remove some of the "veteran jurors," but did not provide any context to alert the Wisconsin Supreme Court to what his trial counsel did wrong in jury selection. The petition for review also lacks any argument supporting a claim that the petitioner's trial counsel was ineffective by failing to challenge Counts Two and Six of the petitioner's criminal complaint. Nor did the petitioner provide any argument for why his trial counsel should have moved for a bond reduction or challenged the excessiveness of his bond.

Finally, although the petitioner fairly presented to the Wisconsin Supreme Court his ineffective assistance of trial counsel claim based on his counsel's failure to file a motion to suppress, the claim is procedurally defaulted because he did not present that issue to the circuit court or the court of appeals. The petitioner never raised the issue in a post-conviction motion before the circuit court, nor did he raise the issue in his response to the no-merit brief before the court of appeals. The petitioner's failure to present the

15

issue to the lower state courts means that he did not fully and fairly present the claim for a full round of review and that the claim is procedurally defaulted.

The court finds that the petitioner did fully and fairly present his ineffective assistance claims regarding his trial counsel's failure to object to the prosecutor's opening and closing statements but procedurally defaulted all other ineffective assistance of counsel claims.

### 2. *Prosecutorial misconduct claim (Ground Two)*

The respondent argues that the petitioner's prosecutorial misconduct claim is procedurally defaulted because the petitioner did not fairly present it to the Wisconsin Supreme Court. Dkt. No. 12 at 6. The respondent maintains that the petitioner made only a passing reference to the claim in the "Statement of Issues" section of his petition for review but failed to provide any facts, elaboration or argument—a requirement to show that the petitioner fairly presented the issue in the state courts. Id. at 6-7. To the extent that he raised the issue, the respondent notes that the petitioner raised it as a Sixth Amendment claim, not a Fourteenth Amendment claim. Id.

Although federal courts "avoid hypertechnicality" when determining whether a petitioner fully and fairly presented his claim to the state courts, "[a] mere passing reference to a constitutional issue . . . does not suffice." Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). The "Statement of Criteria" in the petition for review does not include the words "prosecutorial" or "misconduct." Dkt. No. 12-4 at 4. In the "Statement of the Issues" section of the petition for review, the petitioner stated that his trial

16

counsel was ineffective, in part, because he failed to object to "prosecutorial misconduct." Id. at 6. But the petitioner listed this as subsection (3)(B) of his ineffective assistance of trial counsel claim, not as a separate claim for prosecutorial misconduct. Id. Nowhere else in the petition for review did the petitioner reference the prosecutorial misconduct argument or provide any supporting facts regarding this allegation. See Hicks v. Hepp, 871 F.3d 513, 531-32 (7th Cir. 2017) (failure to include any argument to support issues along with "vague and sparse references to the claim" in petition for review "was not enough to meet . . .burden of fairly presenting claim to the Wisconsin Supreme Court."). And in his brief in opposition to the respondent's motion to dismiss, the petitioner states that although he raised three grounds for relief in his federal *habeas* petition, all of them "may be considered as comprising one claim: that he was denied the effective assistance of counsel at trial." Dkt. No. 14 at 5.

It is possible for a prosecutor's misconduct to rise to the level of a violation of a criminal defendant's due process rights. "In evaluating a claim of prosecutorial misconduct as a violation of [a] petitioner's due process right to a fair trial, the inquiry is whether the prosecutor's [misconduct] "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"" Shepard v. Lane, 818 F.2d 615, 621 (7th Cir. 1987) (quoting Darden v. Wainwright, 477 U.S. 168 (1986)). But the petitioner did not fairly present the Wisconsin Supreme Court with a claim that the prosecutor's misconduct violated his due process rights to a fair trial. He did not describe the alleged

17

misconduct or explain how it so infected his trial with unfairness as to make his conviction a denial of due process. Simply listing the words "prosecutorial misconduct" in the context of his ineffective assistance of trial counsel claim did not put the Wisconsin Supreme Court on notice that the petitioner was presenting the argument as an independent basis of relief. <u>Chambers</u>, 264 F.3d at 739.

Because the petitioner did not present his prosecutorial misconduct claim to the Wisconsin Supreme Court, he has procedurally defaulted this claim. The court will grant the respondent's motion as to this claim.

        3.     *Due process claim (Ground Four)*

Finally, the respondent argues that the court should dismiss the petitioner's due process claim, arguing that "his vague and fleeting reference to due process" in his petition for review was insufficient to fairly present the claim to the Wisconsin Supreme Court. Dkt. No. 12 at 9.

The petitioner's petition for review first referenced a due process claim in the "Statement of Criteria" section, in which he wrote "Under the Wisconsin State Constitution Article I Section 8 violates due process for the defendant." Dkt. No. 12-4 at 4. The petitioner referenced the due process claim again in his "Statement of the Issues" section, where for his final issue, he wrote, "Denial of due process, for all the above reasons." Dkt. No. 12-4 at 6.

In his petition asking the Wisconsin Supreme Court to review the court of appeals' decision, the petitioner cited Article I Section 8 of the *Wisconsin* constitution in support of his assertion in the Statement of Criteria that his

due process rights had been violated. Dkt. No. 12-4 at 4. While Article I Section 8 of the state constitution does state that a person may not be held to answer for a criminal offense "without due process of law," the petitioner did not provide the Wisconsin Supreme Court with any details about how he believed his rights under that provision were violated. Even if he had, the petitioner cannot seek redress in a federal *habeas* proceeding for a *state* court's alleged violation of the *state* constitution; 28 U.S.C. §2254 allows a federal court to grant relief to a petitioner only if he is in custody "in violation of the Constitution or laws or treaties of the *United States.*" 28 U.S.C. §2254(a) (emphasis added).

The Fifth Amendment to the United States Constitution protects a criminal defendant from being "deprived of life, liberty, or property, without due process of law." But the petitioner did not mention the Fifth Amendment in his petition for review to the Wisconsin Supreme Court. He has not mentioned it to this court, either, arguing only that:

> Trial counsel was ineffective, the prosecutor's misconduct, and all of the factors combined deprived [the petitioner] due process of law according to the U.S. constitution.

Dkt. No. 1 at 9.

B.    Cause and Prejudice

If a federal court determines that a petitioner's claims are procedurally defaulted, it must consider whether to excuse that default. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A court may excuse default if the petitioner can show either (1) cause for the default and resulting prejudice, or

(2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. (citations omitted). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel." Davila v. Davis, 582 U.S. 521, 528 (2017). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." Weddington, 721 F.3d at 465 (quoting McKee, 598 F.3d at 382)). To show that a miscarriage of justice will occur if the court were to deny *habeas* relief, a petitioner must show that he is actually innocent of the offenses of which he was convicted. Hicks, 871 F.3d at 531. A petitioner asserting actual innocence as a gateway to a defaulted claim "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "Unless the petitioner can establish 'cause' for and 'prejudice' from the default, 'federal habeas review is at an end.'" Garcia v. Cromwell, 28 F.4th 764, 771 (7th Cir. 2022) (quoting Johnson v. Thurmer, 624 F.3d 786, 789 (7th Cir. 2010)).

The petitioner did not argue, and consequently has not established, cause for and prejudice resulting from the procedural default. Nor has he

shown, through new evidence, that he is actually innocent of the crimes committed. The court cannot find that the petitioner should be excused for his procedural default. As such, the court may consider the merits only of the petitioner's allegation that his trial counsel was ineffective for failing to object to the prosecutor's opening and closing statements.

Below, the court has set a schedule for the parties to brief this one issue. If either party needs additional time for briefing, the party must file a motion to extend time in time for the court to receive it *before* the deadline for filing the brief expires.

## III. Conclusion

The court **GRANTS IN PART AND DENIES IN PART** the respondent's motion to dismiss. Dkt. No. 12. The court **DENIES** the motion as to the petitioner's claim that his counsel was ineffective for failing to object to the state's opening and closing statements. The court **GRANTS** the motion as to all other of the petitioner's claims.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's one claim:

(1) the petitioner has until the end of the day on **November 20, 2023** by which to file a brief in support of his petition (and he must file that brief in time for the court to *receive* it by the end of the day on Monday, November 20, 2023);

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition; and

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

Dated in Milwaukee, Wisconsin this 6th day of October, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**