UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN A. DUCKSWORTH,

        Petitioner,

v.

        Case No. 21-cv-614-pp

BRIAN CAHAK,[1]

        Respondent.

---

**ORDER SCREENING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On May 17, 2021, the petitioner, who is in custody at Oshkosh Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 convictions for attempted second-degree sexual assault, burglary, intimidating a victim, strangulation and suffocation, false imprisonment, battery and disorderly conduct. Dkt. No. 1. The petitioner raised four grounds for relief, but only one remains: whether the petitioner received ineffective assistance of trial counsel due to counsel's failure to object to the prosecutor's opening and closing statements. See Dkt. Nos. 7 (dismissing one of petitioner's claims at screening), 17 (granting respondent's motion to dismiss as to all other claims).

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at Oshkosh Correctional Institution. Brian Cahak is the warden of that institution. The court will update the caption accordingly.

1

The petition has been fully briefed since January 24, 2024. Dkt. Nos. 18, 21, 22. The court regrets that its caseload has prevented it from addressing the petitioner's case sooner. After reviewing the briefs and the record, the court determines that the petitioner has not shown that he is entitled to *habeas* relief. The court will dismiss the petition and decline to issue a certificate of appealability.

I. **Background**

   A. State Court Proceedings

The petition refers to State v. Ducksworth, Outagamie County Case No. 2015CF000822 (available at https://wcca.wicourts.gov). Dkt. No. 1. On June 14, 2016, a jury found the petitioner guilty of attempted second-degree sexual assault, burglary, intimidating a victim, strangulation and suffocation, false imprisonment, battery and disorderly conduct. Dkt. No. 12-4 at 21. The state court sentenced the petitioner to fifteen years of imprisonment followed by seven and a half years of extended supervision.[2] Id. at 21–24.

On August 21, 2017, the petitioner's postconviction counsel filed a no-merit report. Dkt. No. 12-1. Relevant to the remaining ground for relief in this case, counsel concluded that the prosecutor's opening statements and closing arguments were proper. Id. at 9–10. The petitioner filed a response objecting to counsel's findings in the no-merit report. Dkt. No. 12-2.

---

[2] The sentencing court originally sentenced the petitioner to ten years of extended supervision but later "adjusted the sentence upon receipt of a letter from the Department of Corrections pointing out that the term of extended supervision exceeded the requirements of Wis. Stat. §939.31(1m)(b)." Dkt. No. 1-1 at 2.

On July 21, 2020, the Wisconsin Court of Appeals accepted the no-merit report and affirmed the petitioner's conviction. Dkt. No. 12-3. The appellate court rejected the petitioner's claims that the prosecutor had made improper comments during the opening statements and closing arguments. The court explained that the prosecutor's statements "were proper comments on the evidence and his view of the competing credibility of witnesses." Id. at 7. The court also recounted that the trial court had instructed the jury that closing arguments were not evidence and that the jury should draw its own conclusions from the evidence, "[a] standard instruction [that] placed the prosecutor's argument in proper perspective." Id. at 7–8 (citing State v. Draize, 88 Wis. 2d 445, 456 (Wis. 1979)). The court explained that the petitioner could not raise a claim for ineffective assistance of trial counsel based on his counsel's failure to object to the prosecutor's comments in opening statements and closing arguments because there was nothing improper about the comments. Id. at 9. The petitioner filed a petition for review with the Wisconsin Supreme Court, dkt. no. 12-4, which denied review on November 20, 2020, Ducksworth, Case No. 15CF000822.

B.  Federal *Habeas* Petition

On May 17, 2021, the petitioner filed this federal petition for writ of *habeas corpus* under 28 U.S.C §2254. Dkt. No. 1. The petition listed four grounds for relief: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) excessive bail and (4) a due process violation. Id. at 6–9. The court screened the petition and allowed the petitioner to proceed on Grounds

3

One, Two and Four, dismissing Ground Three as moot based on the petitioner's conviction. Dkt. No. 7.

The respondent filed a motion to dismiss, arguing that the petitioner's claims should be dismissed as procedurally defaulted because the petitioner did not fairly present them to the state courts for one full round of full review. Dkt. No. 12 at 5. The court granted the motion to dismiss in part, finding that the petitioner had procedurally defaulted all his claims except his claim that his trial counsel was ineffective for failing to object to the prosecutor's opening and closing statements. Dkt. No. 17.

    C.    <u>Merits Briefing</u>

        1.    *Petitioner's Brief (Dkt. No. 18)*

The petitioner argues that his trial counsel was ineffective for failing to object to several "unfair, prejudicial, and inflammatory statements" that the prosecutor made during his trial. Dkt. No. 18 at 6. The petitioner objects to the following statements from the prosecutor's opening statement:

- "He was prowling around the hallway looking for somebody to sexually assault."
- "He failed on his first attempt, and now you'll hear he had a new target."
- "[Y]ou can actually hear Anna Bomber say, please don't kill me, please don't kill me, sir."
- "That means he entered that residence with the intent to sexually assault her."

<u>Id.</u> (quoting Dkt. No. 21-1 at 45:19–21, 47:6–8, 49:9–11, 50:9–11). The petitioner asserts that trial counsel's decision not to object to these prejudicial statements was "well below an objective standard of reasonableness" and that counsel's deficient performance prejudiced him, depriving him of a fair trial.

4

Dkt. No. 18 at 6 (citing Strickland v. Washington, 466 U.S. 668 (1984) and other cases).

The petitioner also argues that trial counsel was ineffective for failing to object to the prosecutor's statements during cross-examination. Id. at 7. The petitioner asserts that the prosecutor violated his right to due process by asking questions about the petitioner's alibi. Id. He contends that the prosecutor questioned him on why he did not bring up his alibi until nine months after his arrest. Id. He argues that counsel was ineffective for failing to object or file a motion for a mistrial based on the prosecutor's misconduct. Id. at 8. The petitioner asserts that counsel "conceded to all of the prosecutor's misstatements and prejudicial remarks" and invited the jury to infer that his alibi was fabricated. Id.

Finally, the petitioner argues that trial counsel failed to object to prejudicial statements the prosecutor made in closing argument. Id. He alleges that the prosecutor's statement that "everything that [the victim] said, she is credible. What she said in the heat of the moment there is very credible." Id. (quoting Dkt. No. 21-1 at 264:15–17). The petitioner contends that the prosecutor's assertion that the victim's testimony was "credible" was improper and prejudicial. Id. He also challenges the following statements from closing argument:

- "[H]e had the intent in his mind to sexually assault her."
- "When the defendant crossed that plane, he intended to sexually assault her."

5

- "The story he told today I'm not even going to touch because it makes absolutely no sense. That's a conspiracy theory. What Anna said makes the most sense."
- "It's because he was going to sexually assault her."
- "He walks in. When he crosses the plane with the intent to commit sexual assault, that's a burglary."
- "He tells officers one story right away. Oh, I blacked out; I don't remember anything. He tells you a different story today."

Id. at 9 (quoting Dkt. No. 21-1 at 245:6–22, 247:1, 249:18–20, 251:25–252:2).

The petitioner argues that the prosecutor's "improper suggestions, insinuations, and assertions of personal knowledge" over the course of the trial had a cumulative effect on the jury resulting in his conviction. Id. at 9–10. The petitioner argues that if trial counsel had objected, there is a reasonable probability the result of the trial would have been different. Id. at 10.

    2. *Respondent's Opposition (Dkt. No. 21)*

The respondent argues that the court should not consider the petitioner's challenges to several of the statements identified in his brief because he did not raise them in his *habeas* petition or fairly present them to the state court. Dkt. No. 21 at 6. The respondent contends that the court allowed the petitioner to proceed on the claim that counsel was ineffective for failing to object to four specific statements that he previously challenged in state court, not any other statements the prosecutor made at trial. Id. at 6–7. The respondent asserts that in the court of appeals, the petitioner never challenged the prosecutor's cross-examination questions, and raised an objection to those questions only in his petition for review to the Wisconsin Supreme Court. Id. at 7. The respondent argues that the petitioner never challenged several of the

6

statements cited in his brief at any level of the state court system, meaning that challenges to those statements are procedurally defaulted. Id. at 7–8. According to the respondent, the petitioner challenged only the prosecutor's opening statement that the petitioner "was prowling around the hallway looking for somebody to sexually assault." Id. at 7–8.

The respondent argues that the prosecutor's statements were not improper, so trial counsel was not ineffective for failing to challenge them. Id. at 9. He argues that counsel cannot be found ineffective for "failing to make a futile objection." Id. at 10 (quoting Carter v. Douma, 796 F.3d 726, 735 (7th Cir. 2015)). The respondent contends that the court of appeals properly determined that the prosecutor's statements in opening were not improper because he was detailing what he believed the evidence would show and advocating for the state's position. Id. at 11. The respondent argues that the fact that the petitioner did not like how the prosecutor characterized his actions does not mean the statements were improper. Id.

As for the closing argument, the respondent argues that a prosecutor can assert that a witness is credible if the assertion is based on the record, not the prosecutor's personal belief. Id. at 12 (citing United States v. Clarke, 227 F.3d 874, 884 (7th Cir. 2000)). The respondent argues that is the case here, because the prosecutor never asserted that he personally believed the victim's testimony was credible. Id. According to the respondent, the prosecutor recounted the victim's testimony and emphasized that her testimony was consistent with prior statements she made to the police, urging the jury to consider these facts

7

in evidence when deciding whose testimony to believe. Id. at 12–14. The respondent argues that the other challenged statements in closing were simply the prosecutor recounting the elements of the charged crimes and that the evidence presented fit those elements. Id. at 14. The respondent argues that the prosecutor was permitted to argue that the evidence in the record demonstrated that the petitioner committed the charged crimes. Id. The respondent contends that based on these facts, the court of appeals properly determined that the prosecutor's statements were not improper, and trial counsel was not ineffective for failing to make a meritless objection. Id. at 15. The respondent also argues that the petitioner could not show that he was prejudiced by any failure to object because the evidence against him at trial was overwhelming and the jury's verdict would have been the same regardless. Id. at 16.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)(1), (2)). A federal *habeas* court reviews the decision of the last state court to rule on the merits of the petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

8

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 41 (2000)). Indeed, "[t]he 'unreasonable application' clause requires the state court decision to be *more* than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (emphasis added). In other words, §2254(d)(1) allows a court to grant *habeas* relief only where it determines that the state court applied federal law in an "objectively unreasonable" way. Renico, 559 U.S. at 773. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

### III. Analysis

#### A. Procedural Default

Before addressing the merits of the petitioner's claims, the court must determine whether any of the petitioner's arguments are procedurally defaulted. AEDPA requires that a person incarcerated under a state judgment must exhaust available state-court remedies before a district court will

9

consider the merits of a constitutional claim in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement gives the state an opportunity to pass upon and correct alleged violations of the federal rights of persons who are incarcerated by the state. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). To comply with this requirement, the incarcerated person must "fairly present" the claim in each appropriate state court. Bolton, 730 F.3d at 694-95. "The failure to present fairly each habeas claim in state court 'leads to a default of the claim[s] and bar[s] the federal court from reviewing the claim[s'] merits.'" Weddington, 721 F.3d at 456 (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010)). The courts call this circumstance "procedural default."

The court evaluates four factors to determine whether a claim has been fairly presented to a state court:

> 1) Whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Hicks v. Hepp, 871 F.3d 513, 531 (7th Cir. 2017) (quoting Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001)). These factors serve as a guide;

10

Case 2:21-cv-00614-PP   Filed 06/23/25   Page 10 of 18   Document 23

the court's "overall 'task is to determine in practical terms whether the state courts were sufficiently alerted to the nature of [the petitioner's] federal constitutional claim.'" Id. (quoting White v. Gaetz, 588 F.3d 1135, 1139 (7th Cir. 2009)).

The respondent argues that the petitioner never challenged in state court several of the prosecutor's statements that he now challenges in federal court, so those claims are procedurally defaulted. In his opposition to counsel's no-merit report, the petitioner challenged the following statements:

- "He was prowling around the hallway looking for somebody to sexually assault."
- The petitioner's story made no sense and was a conspiracy theory.
- "What Anna said makes the most sense."
- "What she said is credible."
- "And the defendant's story about what happened isn't reasonable."
- "That you hold the defendant accountable, that you don't let him get away with this, and that you find him guilty of all seven counts."

Dkt. No. 12-2 at 14–15. He stated that his trial counsel was ineffective for failing to object to these statements. Id. at 16. The petitioner did not challenge the prosecutor's questions on cross-examination until his petition for review to the Wisconsin Supreme Court. Dkt. No. 12-4 at 7. The petitioner also did not raise this as a ground for relief in his *habeas* petition.

The petitioner has procedurally defaulted his claims based on any of the prosecutor's statements he did not challenge in state court. The Seventh Circuit has held that "a petitioner procedurally defaults individual claimed deficiencies when he does not fairly present them to the state courts, even if he presented an ineffective-assistance claim based on other alleged errors."

Blackmon v. Williams, 823 F.3d 1088, 1100 (7th Cir. 2016). The "factual and legal substance of the claim" the petitioner makes in his *habeas* petition must be "essentially the same" as the claim he made in state court. Id. The petitioner cannot raise challenges to the prosecutor's cross-examination questions here in federal court because he did not raise a challenge to those questions in the court of appeals. Nor can the petitioner object to a new set of statements in opening and closing argument because he did not present a factual or legal basis to challenge those statements in the state court. The petitioner has exhausted his claims only as to the prosecutor's statement that he was "prowling around. . . looking for somebody to sexually assault" and the closing argument about the victim's credibility and the petitioner's inconsistent alibi. He has procedurally defaulted his other claims.

If a federal court determines that a petitioner's claims are procedurally defaulted, the court may excuse the default if the petitioner can show either (1) cause for the default and resulting prejudice, or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The petitioner did not argue, and so has not established, that either of these grounds excuse his default. The court will consider only the merits of his exhausted claims.

B.  Ineffective Assistance of Counsel

The petitioner argues that trial counsel was ineffective for failing to challenge several of the prosecutor's statements during opening and closing arguments. "Under *Strickland v. Washington*'s familiar, two-pronged test for
12

ineffective assistance of counsel, [the petitioner] must demonstrate that (1) his counsel's performance was deficient; and (2) that deficiency resulted in prejudice." United States v. Berg, 714 F.3d 490, 496-97 (7th Cir. 2013) (citing Strickland, 466 U.S. at 687). "The performance prong of *Strickland* requires a [petitioner] to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). "An attorney is not ineffective for failing to raise a meritless argument." Washington v. Boughton, 884 F.3d 692, 701 (7th Cir. 2018). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

In the context of federal *habeas* proceedings, the Supreme Court has stated that

> [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential", and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The

13

question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

Harrington, 562 U.S. at 105 (internal citations and quotations omitted). "[O]nly a clear error in applying *Strickland* would support a writ of *habeas corpus*." Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (quoting Murrell v. Frank, 332 F.3d 1102, 1111 (7th Cir. 2003)). The issue is whether the state court "took the constitutional standard seriously and produce[d] an answer within the range of defensible positions." Id. (quoting Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000)) (alteration in original).

The Wisconsin Court of Appeals determined that there was no merit to the petitioner's claim that the prosecutor's statements during opening or closing arguments were improper. Dkt. No. 12-3 at 7–8. The court stated that the prosecutor's comments were based on the evidence and "his view of the competing credibility of the witnesses." Id. at 7. The court also found it relevant that the trial court had instructed the jury that closing arguments were opinions, not evidence, and explained that it is presumed that the jury followed that instruction. Id. at 7–8. The court of appeals stated that its determination that any objections would have been meritless precluded an ineffective assistance of counsel claim. Id. at 9.

The court of appeals' decision was not contrary to clearly established federal law or an unreasonable determination of the facts. When evaluating a claim for ineffective assistance of counsel for failing to object to prosecutorial misconduct, the Seventh Circuit first considers whether there is any underlying prosecutorial misconduct. See Hough v. Anderson, 272 F.3d 878,

14

902–04 (7th Cir. 2001). When analyzing a claim of prosecutorial misconduct, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. at 902 (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)). The relevant factors are: "(1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the defendant, and (6) the defendant's opportunity to rebut." Id. (quoting Howard v. Gramley, 225 F.3d 784, 793 (7th Cir. 2000)).

Here, although the court of appeals did not cite any federal case law, it followed the Seventh Circuit's framework by first considering whether there was any prosecutorial misconduct. The court of appeals considered whether the prosecutor misstated the evidence and the trial court's instructions regarding opening and closing statements. The appellate court determined that the prosecutor had properly commented on the evidence and the credibility of witnesses, and that the trial court's instructions had mitigated the impact of any of the prosecutor's statements. The Seventh Circuit found the latter factor persuasive in Hough. See Hough, 272 F.3d at 904 (no prosecutorial misconduct where trial court's instructions placed the jury "on notice that the arguments were nothing more than counsel's interpretation of the evidence").

Further, the petitioner's counsel had the opportunity to rebut the prosecutor's statements in his own opening and closing arguments. The court of appeals' determination that there was no prosecutorial misconduct was not

15

contrary to federal law or an unreasonable determination of the facts. Absent any underlying prosecutorial misconduct, there can be no claim for ineffective assistance of counsel for failing to make a meritless objection. Hough, 272 F.3d at 904 ("Because the prosecutor's comments do not rise to the level of a constitutional violation as set forth in Darden, defense counsel's failure to object to those arguments cannot be considered prejudicial for purposes of the *Strickland* analysis.").

Even if the prosecutor's remarks had been improper, the petitioner could not establish that he was prejudiced by them. The Seventh Circuit addressed a similar set of circumstances in Swofford v. Dobucki, 137 F.3d 442 (7th Cir. 1998). There, the petitioner asserted that his counsel was ineffective for failing to object to a prosecutor's statement in closing argument that the victim could not testify in such detail about his assault if it were not true. Id. at 444. The Seventh Circuit determined that even assuming the remarks were improper, the petitioner could not show that he was prejudiced by counsel's failure to object because the weight of the evidence was such that the jury would have convicted regardless. Id. at 446. Further, the court stated that counsel's decision not to object could be considered "sound trial strategy" because an objection would have only highlighted the impact of the prosecutor's statement. Id. at 446 n.2 (quoting Strickland, 466 U.S. at 689).

Here, based on the weight of the evidence, it is unlikely that any of the prosecutor's statements during opening and closing arguments prejudiced the petitioner. The jury viewed body camera footage from the attempted assault,

16

Case 2:21-cv-00614-PP    Filed 06/23/25    Page 16 of 18    Document 23

which corroborated the victim's testimony and contradicted the petitioner's assertions. It is unlikely that the prosecutor's characterization of the evidence in his opening and closing statements impacted the jury's verdict given this evidence. As in Swofford, trial counsel's decision not to object to the prosecutor's statements could be considered strategic because an objection might only draw attention to the statements. The court cannot find that there is any merit to an ineffective assistance of counsel claim based on counsel's failure to object to the prosecutor's statements in opening and closing argument.

The petitioner has not demonstrated that the court of appeals' decision was contrary to, or involved an unreasonable application of, Strickland, or that the decision was based on an unreasonable determination of the facts given the evidence presented. Because the petitioner has not met that burden, he is not entitled to *habeas* relief.

### IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484

17

Case 2:21-cv-00614-PP   Filed 06/23/25   Page 17 of 18   Document 23

(2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate whether the petitioner's claims warrant *habeas* relief under 28 U.S.C. §2254(d).

## V. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Brian Cahak is the correct respondent.

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2025.

BY THE COURT:

HON. PAMELA PEPPER
**Chief United States District Judge**